UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BELINDA ANN OLIVER,

        Plaintiff,                      File No. 1:08-CV-388

v.                                           HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                       /

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Belinda Ann Oliver's objections to the Magistrate Judge's September 11, 2009, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits be affirmed. (Dkt. No. 14.) This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Although the Magistrate Judge's R&R is reviewed *de novo*, the Commissioner's decision will be affirmed if there is substantial evidence in the record to support the administrative law judge's ("ALJ") findings of fact and if the correct legal standards were applied. 42 U.S.C.A. § 405(g) (West Supp. 2006); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

Vague objections to a report and recommendation do not merit review under Fed. R. Civ. P. 72(b). *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or

conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). If an objection does not relate to a specific finding by the Magistrate Judge, the Court is not required to address it. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Many of Plaintiff's objections to the Magistrate's R&R are vague in nature and do not relate to specific findings of the Magistrate. The Court will therefore conduct a *de novo* review only of the objections that relate to specific findings of the R&R.

Plaintiff first argues that the Magistrate Judge erred in failing to take into account Plaintiff's back pain in identifying Plaintiff's "severe impairments" at step two of the evaluation process. (Dkt. No. 15, Pl.'s Ob. 1.) The Court thus addresses whether there exists substantial evidence to support the finding of the ALJ that Plaintiff's back pain was not a severe impairment. The October 2, 2007 MRI revealed that Plaintiff suffers from a "broad based disc bulge and mild facet disease," and that "[d]isc material abuts the S-1 nerve roots in the lateral recesses without significant deformity." (A.R. 672.) The ALJ relied on this finding of the MRI to conclude that Plaintiff did not suffer from severe back pain. The mild nature of the facet disease and the lack of significant deformity suggest that, although Plaintiff may experience discomfort, her back pain does not constitute a "severe impairment" for purposes of the disability evaluation process. Plaintiff does not refer to any other findings of the MRI or any other evidence to dispute the conclusion of the ALJ. The Court thus holds that the conclusion of the ALJ that Plaintiff's back pain was not a severe impairment is supported by substantial evidence.

Plaintiff also argues that the Magistrate Judge erred in finding that the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence. (Dkt. No. 15, Pl.'s Ob. 1.) With regard to Plaintiff's RFC, the ALJ found the following:

> [T]he claimant has the residual functional capacity to lift or carry a maximum of 20 pounds occasionally and 10 pounds frequently. In an eight-hour workday, the claimant can walk or stand for six hours and sit for six hours. She should only occasionally use ladders, ropes, or scaffolds. The claimant should do no twisting or crawling. She should only occasionally push or pull with bilateral upper extremities. The claimant should only frequently handle or finger with both hands. She should use no vibrating tools. The claimant reads at a sixth grade level. She can do only simple unskilled work, with a specific vocational preparation (SVP) rating of 1 or 2, that does not involve maintaining intense concentration, although she can remain on task. The claimant can only perform jobs that have brief and superficial contact with the public, and are routine low stress that do not involve frequent changes or adaptations. She can only do jobs that require initiative or making independent decisions. The claimant can do no jobs with production quotas or keeping pace with co-workers.

(A.R. 24.) Plaintiff argues that this evaluation "mis-states [Plaintiff's] physical condition" because it does not take into account Plaintiff's right hand neurological impairment or the carpal tunnel in her left hand. (Dkt. No. 15, Pl.'s Ob. 1.) However, the ALJ undertook a lengthy assessment of Plaintiff's physical capabilities, and a large part of this assessment centered on the Plaintiff's use, or lack thereof, of her hands. (A.R. 24-27.) The RFC determination itself reflects the impairments to Plaintiff's hands by asserting that she should "only frequently handle or finger with both hands," and that "[s]he should use no vibrating tools." (A.R. 24.) Plaintiff presents no evidence that the damage to her hands was more severe than the ALJ determined, or that the ALJ understated Plaintiff's physical capabilities. The Court thus holds that the ALJ's RFC determination is supported by substantial evidence.

Finally, Plaintiff argues that the Magistrate erred in his assessment of Plaintiff's mental capabilities. (Dkt. No. 15, Pl.'s Ob. 1.) Plaintiff argues that the Magistrate should have been more deferential to the psychological evaluation of Plaintiff conducted by Dr. Richard King in July of

3

2007. The Court thus reviews de novo whether there is substantial evidence to support the ALJ's determination that Dr. King's testimony was not credible.

After conducting an evaluation of Plaintiff in July of 2007, Dr. King determined that Plaintiff suffered from severe depression and a diminished ability to concentrate on and complete specific tasks. (A.R. 26.) The ALJ determined that Dr. King's report was inconsistent with the other evidence in Plaintiff's file. (*Id.*) Plaintiff argues that, to the extent Dr. King's report is inconsistent with the report of Dr. Strang, the inconsistency is explained by the fact that Dr. King conducted his evaluation almost two years after Dr. Strang, and that Plaintiff's mental condition had deteriorated over that time period. (Dkt. No. 15, Pl.'s Ob. 1.) However, the ALJ not only discredited Dr. King's opinion because it was inconsistent with Dr. Strang's report, but because it was inconsistent with other evidence in the file such as Plaintiff's activities and lifestyle. (A.R. 26.) The Court holds that the decision of the ALJ to discredit the testimony of Dr. King in assessing Plaintiff's mental capabilities was supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the September 11, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits is **AFFIRMED.**


Dated: October 2, 2009                        /s/ Robert Holmes Bell
                                                                              ROBERT HOLMES BELL
                                                                              UNITED STATES DISTRICT JUDGE